■ PEKA, INC., Plaintiff, v. A. STANLEY KAYE, Defendant and Third-Party Plaintiff-Respondent. "JOHN DOE" et al., Doing Business as LLOYD'S OF LONDON, LTD., Third-Party Defendants-Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and McNally, JJ.

■ LOUIS WOLTHER, Respondent, v. MARIA VIGLIONE et al., Defendants, and ANTHONY S. WOZNY, JR., Appellant.— Judgment, so far as appealed from, unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and McNally, JJ.

■ ROBERT SONKIN, as Guardian ad Litem of SARA J. SONKIN, an Infant, et al., Respondents, v. MARCELLA PALEY, Appellant, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and McNally, JJ.

■ PRINTLINE COMPANY, INC., Appellant, v. WONDER WINDOW, INC., Respondent.— This is an appeal from an order at Special Term denying plaintiff's motion for summary judgment pursuant to rules 113 and 114 of the Rules of Civil Practice. The plaintiff sues to recover sums of money alleged to have been advanced over a period of several months, for the use and benefit of the defendant, in payment of various bills owed by the defendant to its creditors. The defendant admits that the plaintiff expended a substantial sum of money in that manner, but asserts it is without information as to the precise amount advanced. It states that the funds so advanced were to be deemed an investment. No agreement, oral or written, express or implied is either alleged in the defendant's answer or set forth in the papers submitted in opposition to the motion. The recitals in the affidavits to the effect that after the moneys had been advanced and expended, there were negotiations for the issuance to plaintiff of stock of the corporate defendant in exchange for these funds, cannot serve to create a binding contract in the face of the virtual admission that there was no meeting of the minds of the parties and no consummation of the negotiations (see *Miller* v. *Schloss,* 218 N. Y. 400, 406, 407; *St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.,* 235 N. Y. 30, 36). No triable issue is therefore presented. Order unanimously reversed, the motion for summary judgment granted and the matter remitted to Special and Trial Term for assessment of damages. Settle order on notice. Concur — Botein, J. P., Frank, Valente and McNally, JJ.

■ TURNER CONSTRUCTION Co., Plaintiff, v. ALVORD & SWIFT et al., Defendants. ALVORD & SWIFT, Third-Party Plaintiff-Respondent, v. WATER COOLING EQUIPMENT COMPANY et al., Third-Party Defendants, and EQUIPMENT INSTALLATION Co., INC., Third-Party Defendant-Appellant.— On its face the second cause of action sets forth sufficiently the primary, active negligence of the third-party defendants, and Special Term properly denied the motion to dismiss for insufficiency, with leave to renew at the trial of the action. The indemnity provisions of the successive subcontracts, as quoted in the first cause of action, do not appear to bear out as clearly and affirmatively as would be desirable, the ultimate allegations to the effect that such indemnity provisions were for the use and benefit of the third-party plaintiff. However, a trial must be had in any event, and the allegations in the first cause of action admit of the possibility that upon the trial competent evidence may be produced that will sustain the third-party plaintiff's theory. Order denying the motion to dismiss the complaint and the separate causes of action, unanimously affirmed, with $20 costs and disbursements to the respondent. Concur — Botein, J. P., Rabin, Frank, Valente and McNally, JJ.